IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FIRST NATIONAL LTD. | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:10-CV-190-Y |
| | § |
| RELIANCE STANDARD | § |
| LIFE INSURANCE COMPANY | § |

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS, DENYING PLAINTIFF'S MOTION TO REMAND, AND
GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court are the motion to dismiss (doc. 3) of defendant Reliance Standard Life Insurance Company ("Reliance") and the motion to remand (doc. 11) of plaintiff First National, LTD ("First National"). After review, the Court concludes that removal jurisdiction exists in this case and that First National's state-law claims are preempted by the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C.A. §§ 1132, 1144 (2010. Thus, the Court will deny First National's motion to remand and grant Reliance's motion to dismiss. In addition, however, the Court will grant First National leave to amend its complaint to state a cause of action under ERISA.

I. Background

Reliance was the underwriting insurance company for a group life-insurance policy ("the Policy") under which Henry Vernon Jones Jr. was insured. Upon Mr. Jones's death, his beneficiary, Annette Jones, assigned her interest in the Policy proceeds to Allen Mitchell Funeral Home ("the funeral home"), which, in turn, reassigned the proceeds to First National. Before accepting the assignment, First National alleges it contacted Reliance to verify

the validity of Mrs. Jones's entitlement to the proceeds.[1] According to First National, Reliance verified the validity of the Policy and agreed to recognize an assignment of $6,616.55 of the Policy proceeds. Relying on this representation, First National paid the funeral home. Ultimately, Reliance tendered payment of only $4,400 to First National.

First National sued Reliance in the Justice of the Peace Court, Precinct Number 6, Tarrant County, Texas ("the state court"), for the $2,216.55 difference--an amount First National characterizes as "due under the policy." (Mot. Remand 2.) First National asserts six Texas state-law causes of action against Reliance: (1) misrepresentation, (2) negligence, (3) breach of contract, (4) unjust enrichment, (5) quantum meruit, and (6) mistake.

Reliance removed the action to this Court pursuant to 28 U.S.C. § 1441(a)-(c), claiming that ERISA preempts First National's state-law claims, and, consequently, jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). That same day, Reliance moved to dismiss, under Federal Rule of Civil Procedure 12(b)(6), First National's claims asserting that ERISA preempts First National's state-law claims and that First National failed to show that it exhausted its administrative remedies, as ERISA requires.

First National did not file a response to Reliance's motion to dismiss. Instead, it filed a motion to remand (doc. 11), arguing that its claims were not preempted and, therefore, there is no basis

---

[1] First National does not dispute that the Policy is governed by ERISA.

for federal-question jurisdiction in this case. Reliance filed a response to First National's motion to remand and then moved for summary judgment (doc. 23).

II. Analysis

    A. First National's Motion to Remand

        1. Complete Preemption v. Conflict Preemption

The Court may exercise federal-question jurisdiction if the case presents any issues "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C.A. § 1331 (West 2010). The presence or absence of federal-question jurisdiction is governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998). "There is an exception to the well-pleaded-complaint rule, though, if Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (citations omitted) (internal quotation marks omitted).

In the context of ERISA, there are two types of preemption: complete preemption, which supports removal jurisdiction, and conflict preemption, which does not. *Giles v. NYLCare Health Plans*, Inc., 172 F.3d 332, 336-38 (5th Cir. 1999). Complete preemption occurs when the plaintiff's state-law claims fall within the scope of ERISA's civil-enforcement provision, § 502. *See* 29 U.S.C. § 1132

3

(2006); *id.* at 337. This type of preemption converts a state-law claim that "duplicates, supplements, or supplants an ERISA remedy" into "one stating a federal claim for purposes of the well-pleaded complaint rule." *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009)(quoting *Aetna Health Inc. v. Davila*, 42 U.S. 200, 209 (2004)) (internal quotation marks omitted).

Conflict preemption, also known as ordinary preemption, occurs when the plaintiff's claims, although outside the scope of § 502, "relate to [an] employee benefit plan described" in ERISA and thus are preempted by § 514. *See* 29 U.S.C. § 1144; *Giles*, 172 F.3d at 337.[2] "Rather than transmogrifying a state cause of action into a federal one--as occurs with complete preemption--conflict preemption serves as a **defense** to a state action." *Giles*, 172 F.3d at 337. "When a complaint raises both completely-preempted claims and arguably conflict-preempted claims, the court may exercise removal jurisdiction over the completely-preempted claims and supplemental jurisdiction (formerly known as 'pendent jurisdiction') over the remaining claims." *Id.* at 337-38. Thus, for the Court to have removal jurisdiction over First National's state-law claims, ERISA must completely preempt at least one of them.

2. Preemption of First National's Claims

In its motion to remand, First National indicates that it is seeking to recover "the balance due under the Policy." (Mot. Remand 2.) Section 502, "by providing a civil enforcement cause of action,

---

[2] Section 514 contains a few exceptions to its broad preemptive reach, but none are relevant in this case. *See* 29 U.S.C. § 1144(a).

4

completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Armstrong v. Columbia/HCA Healthcare Corp.*, 122 F. Supp. 2d 739, 746 (S.D. Tex. 2000) (quoting *Giles*, 172 F.3d at 337) (internal quotation marks omitted). Moreover, there are "two unifying characteristics" of state-law claims subject to ERISA preemption: "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities." *Cypress Fairbanks Med. Ctr. v. Pan-American Life Ins. Co.*, 110 F.3d 280, 283 (5th Cir. 1997) (quoting *Mem'l Hosp.*, 904 F.2d at 245).

With this in mind, the Court concludes that First National's state-law claims of misrepresentation, negligence, breach of contract, and mistake are within the scope of § 502 and, therefore, are completely preempted by ERISA.[3] Each of these claims is based on First National's status as an assignee and is derivative of Mrs. Jones's right to the proceeds as beneficiary. *See Cypress*, 110 F.3d at 282-83 (discussing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990)); Mot. Remand 2. First National, in other words, is asserting a right to recover what, absent an assignment, would have been "owed to its assignor." *See Cypress*, 110 F.3d at 284. Such derivative claims are within the scope of §

---

[3] The Court has determined that First National's claims of unjust enrichment and quantum meruit are not within the scope of § 502 because they are not necessarily derivative of Mrs. Jones's right to recover. As the Court will explain in Part II. B. of this order, however, these two claims are conflict-preempted by § 514.

5

502(a)(1)(B), which confers on a beneficiary the right to "recover benefits due to him under the terms of his plan or to enforce his rights under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B); *see also Mem'l Hosp.*, 904 F.2d at 250 (holding that these types of "derivative claims fall within the scope of section 502(a), ERISA's civil enforcement scheme, which Congress intended to be the exclusive vehicle for suits by a beneficiary to recover benefits from a covered plan").

First National argues that its claims do not fall within the scope of ERISA because they "do[] not involve the interpretation of the terms of the Policy and/or whether [the] beneficiary is entitled to the Policy proceeds." (Mot. Remand 2.)[4] First National's argument, however, is at odds with its pleadings. To support its negligence and misrepresentation claims, for example, First National alleges that Reliance failed to exercise ordinary care in determining and representing that Mrs. Jones and First National were entitled to $6,616.55 under the Policy (i.e., that Reliance's interpretation of the Policy terms was incorrect). (Compl. ¶¶ 8, 9.) Similarly, as part of its mistake claim, First National alleges that Reliance was mistaken in determining that Mrs. Jones was entitled to $6,616.55 under the Policy. (Compl. ¶ 13.) Finally, First National's breach-of-contract claim is based on Reliance's contractual obligation to pay the Policy proceeds and First

---

[4] Most of First National's preemption arguments are based on § 514 conflict preemption--that is, whether a state-law claim "relates to" an ERISA plan. (Mot. Remand 3-8.) The Court takes up these arguments here, however, in its discussion of § 502 preemption, because the arguments address First National's misrepresentation claim.

National's alleged entitlement to be the recipient of those proceeds. (Compl. ¶ 10; Mot. Remand 2.) Although First National characterizes its breach-of-contract claim as one involving an agreement separate from the Policy itself, the contract claim is, in substance, an assignee's suit to recover proceeds under an ERISA policy. (Compl. ¶ 10; Mot. Remand 2.) As such, it is completely preempted by ERISA.

First National also argues that *Memorial Hospital System v. Northbrook Life Insurance, Co.*, 904 F.3d 236 (5th Cir. 1990), stands for the proposition that "misrepresentation-of-coverage causes of action are beyond the boundaries of ERISA's preemptive scope." (Mot. Remand 6.)[5] As the Fifth Circuit has clarified in later cases, however, the *Memorial* court distinguished between third parties "who assert a derivative claim for benefits (i.e., the [assignee] stands in the shoes of the beneficiary of the plan)" and independent, third-party claims brought by health care providers," which are "premised on a finding that the beneficiary is not covered at all by an existing ERISA plan." *Cypress*, 110 F.3d at 282-83 (citing *Mem'l Hosp.*, 904 F.2d at 243-44). "[W]hen there is some coverage, . . . the court [must] take the next analytical step and determine whether the claim in question is dependent on, and derived from[,] the

---

[5] First National also asserts that its claims are "run-of-the-mill state law claims" not preempted by ERISA "because they arise out of an independent relationship between the third party and the plan." (Mot. Remand 8.) First National, however, never articulates the specifics of its claims nor explains how the claims are independent of ERISA. Rather, First National simply offers more conclusory statements, such as "the only issues are pure state law" and "Plaintiff's complaint does not state any claims arising under federal law." (Mot. Remand 8.) As the Court has explained, to characterize First National's claims as independent of the Policy is inaccurate, as the relief First National seeks is the proceeds under the Policy on the basis of its status as assignee.

7

rights of the plan beneficiaries to recover benefits under the terms of the plan." *Trans'l Hosp. Corp. v. Blue Cross and Blue Shield of Tex.*, Inc., 164 F.3d 952, 955 (5th Cir. 1999) (citing *Cypress*, 110 F.3d at 284). As the Court has explained, Mrs. Jones enjoyed coverage under the Policy in this case, and First National seeks to recover under the Policy as an assignee of the proceeds. First National's claims of misrepresentation, negligence, breach of contract, and mistake are, therefore, "derivative claim[s] for benefits," subject to preemption under ERISA. *See Mem'l Hosp.*, 904 F.2d at 243-44; *see also Armstrong*, 122 F. Supp. 2d at 745 n.2 ("ERISA preempts state law claims, based on breach of contract, fraud, or negligent misrepresentation, that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for beneficiaries [(or their assignees)] who claim to have been misled." (citing *Mem'l Hosp.*, 904 F.2d at 245)).

Accordingly, the foregoing claims are within the scope of § 502 and are, therefore, completely preempted by ERISA. Consequently, the Court has jurisdiction over this matter, and the Court will deny First National's motion to remand.

B. Reliance's Motion to Dismiss

Having determined that jurisdiction is proper, the Court will exercise supplemental jurisdiction over First National's remaining claims of unjust enrichment and quantum meruit. In the Court's view, these two claims are arguably completely preempted along with First National's other claims. But after careful review, the Court has concluded that these two claims are neither derivative of Mrs.

8

Jones's right to recover, nor otherwise within the scope of § 502. In order to resolve Reliance's motion to dismiss, however, the Court will now determine whether these two claims are nevertheless conflict-preempted by § 514.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, *Federal Practice and Procedure* § 1357 (1969)). The Court must, therefore, liberally construe the complaint in favor of the plaintiff, accepting as true all well-pleaded, non-conclusory allegations. *Kaiser Aluminum*, 677 F.2d at 1050.

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). This requires that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 1955. Rather, "[a] claim has facial plausibility

9

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As previously explained, state-law claims that fall outside the scope of ERISA's civil-enforcement provision, § 502, are nevertheless preempted by § 514 if they "relate to" an ERISA plan. *See* 29 U.S.C. § 1144; *Giles*, 172 F.3d at 337. While "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan," state-law claims that have "a connection with or reference to" an ERISA plan are preempted. *Smith v. Tex. Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 100 n.21 (1983) (internal quotation marks omitted)). "The pivotal issue is whether the plaintiff's claims would cease to exist if they were divested of any link to the ERISA plan." *Pierce v. United Rentals, Inc.*, No. 3:01-CV-995-K, 2003 WL 22289882, at *4 (N.D. Tex. Aug. 28, 2003) (citing *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996)).

The essence of First National's unjust-enrichment claim is that Mrs. Jones would receive an unfair double recovery if she were permitted to retain the Policy proceeds.[6] Similarly, First National's quantum-meruit claim is based on the theory that First National should recover the proceeds under the Policy in return for

---

[6] First National has not named Mrs. Jones as a defendant in this lawsuit nor alleged any wrongdoing on her part.

having paid Mr. Jones's funeral expenses. Implicit in each of these claims is that Mrs. Jones is entitled to recover the proceeds as beneficiary under the Policy. Otherwise, there would be no potential for unjust enrichment. Absent the Policy, then, neither of these claims exists. Thus, the Court concludes that First National's claims for unjust enrichment and quantum meruit are conflict-preempted by § 514 of ERISA. *See Rokohl*, 77 F.3d at 129-30; *see also Pierce*, 2003 WL 22289882, at *4 (determining that plaintiff's unjust-enrichment claim was preempted because it "would not exist but for the ERISA plan"); *Goss v. Firestone Polymers, L.L.C.*, No. 1:04-CV-6652005 WL 1004717, at *22-23 (E.D. Tex. Apr. 13, 2005) (holding that plaintiff's quantum-meruit claim was preempted because it "ma[de] reference to and relate[d] to the employee benefit plans at issue"). Therefore, because ERISA preempts all of First National's claims, the Court will grant Reliance's motion to dismiss.[7]

III. Conclusion

Based on the foregoing, the Court concludes that jurisdiction exists over First National's state-law claims and that those claims are preempted by ERISA. Accordingly, the Court DENIES First National's motion to remand and GRANTS Reliance's motion to dismiss. However, First National is GRANTED leave to file an amended

---

[7] Having determined that ERISA preempts First National's state-law claims, the Court need not evaluate Reliance's argument regarding First National's alleged failure to exhaust its administrative remedies. Should First National choose to amend its complaint, as permitted by this order, and fail to establish a valid cause of action under ERISA for which administrative remedies have been exhausted, Reliance may renew its failure-to-exhaust argument at that time.

complaint to state a cause of action under ERISA. Should First National choose to do so, it must file its amended complaint no later than November 8, 2010. Failure to meet this deadline will result in dismissal of First National's case.

SIGNED October 12, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE